IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN KAESTNER,<br><br>Plaintiff,<br><br>vs.<br><br>C/O BERGALOWSKI,<br><br>Defendants. | CV 16-00009-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Shawn Kaestner's Motion to Proceed in Forma Pauperis and proposed Complaint. (Docs. 1, 2.) The Court will grant Mr. Kaestner leave to proceed in forma pauperis, but the Complaint should be dismissed for failure to state a claim.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Because he is incarcerated, Mr. Kaestner must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Kaestner submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. Mr. Kaestner must pay the fee in installments and make monthly payments of 20% of the preceding month's income

1

credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the facility where Mr. Kaestner is held to forward payments from Mr. Kaestner's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Kaestner is a prisoner incarcerated at Montana State Prison. The named Defendant is Correctional Officer Bergalowski. (Complaint, Doc. 2 at 5.)

### B. Allegations

Mr. Kaestner alleges Officer Bergalowski violated his Eighth Amendment right against cruel and unusual punishment by verbally harassing and threatening him. Specifically, he contends that on Saturday, November 28, 2015, Officer Bergalowski slammed Mr. Kaestner's hatch door against the cell door. Mr. Kaestner told him to stop, and Officer Bergalowski "flipped" him off, putting his hand to the cell window. Later that afternoon, Officer Bergalowski "flipped" Mr. Kaestner off again. Mr. Kaestner asked him to stop, and Officer Bergalowski made fun of Mr. Kaestner, calling him stupid and asking him what he was crying about. When Mr. Kaestner got angry and told Officer Bergalowski to stop

2

"f__king" with him, Officer Bergalowski offered to take Mr. Kaestner outside to let him show Officer Bergalowski "how tough he was."

Officer Bergalowski allegedly brought Sgt. McDonald to Mr. Kaestner's cell door and informed him that Mr. Kaestner wanted to fight. Mr. Kaestner was instructed to "cuff up," and he refused. An hour later, Inner-Perimeter Security officers arrived to extract Mr. Kaestner from his cell.[1] He was again instructed to "cuff up," and when he refused, the Inner-Perimeter Security officers sprayed him with OC (oleoresin capsicum) spray and extracted him from his cell. The next morning Officer Bergalowski kicked Mr. Kaestner's cell door and said: "How did that work out for you, tough guy?" (Complaint, Doc. 2 at 6.)

## III. SCREENING PURSUANT TO 28 U.S.C. § 1915

### A. Standard

As Mr. Kaestner is proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915. This statute requires the Court to review a complaint filed in forma paueris and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant

---

[1] Although not defined in the Complaint, the Court assumes for purposes of this Order that IPS refers to Inner-Perimeter Security.

who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Mr. Kaestner's allegations that Officer Begowolski verbally harassed, intimidated, and/or threatened him fail to state a claim upon which relief may be granted. "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139

4

(9th Cir. 1987) (*quoting Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment).

## IV. CONCLUSION

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint which fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

As set forth above, Mr. Kaestner's Complaint fails to state a claim upon which relief may be granted. The undersigned finds that Mr. Kaestner's pleadings could not possibly be cured by the allegation of other facts and therefore

5

recommends that the Complaint be dismissed.

The Prison Litigation Reform Act prohibits a prisoner from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the Complaint fails to state a claim upon which relief may be granted.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Kaestner's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2.) The Complaint is deemed filed February 3, 2016. 3. At all times during the pendency of this action, Mr. Kaestner must immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1.  This matter should be dismissed with prejudice.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the Complaint fails to state a claim upon which relief may be granted.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Kaestner may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

7

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 25th day of February, 2016.

                                            */s/ John Johnston*
                                            John Johnston
                                            United States Magistrate Judge