IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| SHAWN KAESTNER,<br><br>Plaintiff,<br><br>vs.<br><br>C/O BERGALOWSKI,<br><br>Defendant. | CV 16–09–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on February 25, 2016, recommending dismissal of Shawn Kaestner's ("Kaestner") Complaint. On March 31, 2016, this Court issued an Order adopting the Findings and Recommendations after reviewing it for clear error. However, on April 7, 2016, the Court received a letter from Kaestner (Doc. 9) explaining that he never received a copy of the Findings and Recommendations and, therefore, never had the opportunity to file objections. The Court liberally construed this letter as a motion for reconsideration and gave Kaestner an additional fourteen days after service to file objections. (Doc. 10.) Kaestner timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C.

§ 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed the objections, the Court finds that Kaestner fails to find fault with Judge Johnston's legal reasoning that he has failed to state a claim and, instead, merely requests that the "Court subpeona [sic] the complete file of the investigation that was done pertaining to these matters and Correctional Officer Bergalowski, here at the prison." (Doc. 12 at 1.) However, as stated in the Court's original Order adopting the Findings and Recommendations, Kaestner's allegations fail to state a claim upon which relief may be granted. Kaestner alleges that Officer Bergalowski verbally harassed him, "flipped [him] off," intimidated him, and threatened him with violence. (Doc. 2 at 6.) However, these allegations are insufficient to state a constitutional violation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Thus, even if Kaestner were to receive the investigation file pertaining to Officer Bergalowski, the allegations brought in the Complaint, even if true, fail

to state a viable claim under the Eight Amendment. Although the Court views Officer Bergalowski's alleged actions as inappropriate and unwarranted for a correctional officer, they simply do not rise to a violation of Kaestner's constitutional rights.

Further, Kaestner moves the Court to appoint him counsel in this matter. However, because Kaestner's Complaint fails to state a claim upon which relief may be granted and cannot be cured by subsequent amendment, Kaestner's motion will be denied. This denial is anchored primarily in the Court's finding that Kaestner fails to allege "exceptional circumstances" which would warrant the appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (providing that "[a] finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved") (citation and quotation marks omitted).

First, as stated above, because Kaestner's claim does not rise to a constitutional violation and will be dismissed for failure to state a claim, his success on the merits is unlikely. Second, Kaester's claim is relatively straightforward and not complex. As discussed in the Findings and Recommendations, this case involves a one-time interaction with Officer

Bergalowski where he verbally harassed Kaestner, "flipped [him] off," intimidated him, and threatened him with violence. (Doc. 2 at 6.) This interaction and resulting claim were easily explained by Kaestner in his Complaint and does not require counsel to litigate. Kaestner's motion will be denied.

Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL.

(2) This matter is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the Complaint fails to state a claim upon which relief may be granted.

(4) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

(5) Kaestner's Motion to Appoint Counsel (Doc. 11) is DENIED.

Dated this 21st day of June, 2016.

                                                           Dana L. Christensen, Chief Judge
                                                           United States District Court